UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUBEN H. ALBERTO, | : | |
| | : | |
| Petitioner, | : | Civ. No. 13-0970 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| C. RAY HUGHES, | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed without prejudice due to a lack of jurisdiction.

## II.   BACKGROUND

Petitioner is currently serving a six-year state sentence with an eighty-five percent parole disqualifier. He claims that gap-time credits he has earned have not been properly converted into jail time credits thereby violating his due process rights. He alleges that 375 days of gap-time credits earned should apply off the front-end of his state sentence. Respondent filed an answer to the habeas petition on December 10, 2013. (*See* Dkt. No. 7.) On December 20, 2013, petitioner filed a reply. (*See* Dkt. No. 9.)

## III.   DISCUSSION

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in

1

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. Ultimately, the Third Circuit determined that Coady must rely on § 2254 instead of § 2241. Indeed, the Third Circuit explained that:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this cannon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Petitioner's reliance on § 2241 is misplaced in this case as he must proceed under § 2254 because he is challenging the execution of his state sentence. *See Washington v. Sobina*, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or

2

execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") (citing *Coady*, 251 F.3d at 485); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citation omitted); *see also Coady*, 251 F.3d at 485 ("[W]e hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:34 (May 2013) ("The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the *exclusive avenue* for a state prisoner challenging the constitutionality of his detention.") (emphasis added).

It is worth noting that respondent did not raise this issue in the answer. However, this issue is properly raised by the Court at this time as "federal courts are obligated to sua sponte identify jurisdictional defects." *Henry v. United States Atty. Gen.*, 525 F. App'x 67, 67 (3d Cir. 2013) (per curiam) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278-79 (1977); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 739-40 (1976)); *see also Edwards v. New Jersey*, No. 12-6642, 2013 WL 1089705, at *2 (D.N.J. Mar. 13, 2013) (finding that court lacks jurisdiction to consider § 2241 petition where state prisoner challenges his state sentence as petitioner must proceed under § 2254) (citing *Taylor v. Holmes*, No. 12-4881, 2012 WL 4742922 (D.N.J. Oct. 3, 2012); *Showers v. Court of Common Pleas*, No. 11-0269, 2012 WL 6708397, at *3 (W.D. Pa. Dec. 26, 2012)); *Boyer v. Camden Superior Court*, No. 12-1195, 2012 WL 4442790, at *2 (D.N.J. Sept. 24, 2012) (holding that court lacks jurisdiction over petitioner's § 2241 habeas petition that challenges his New Jersey state sentence and incarceration) (citations omitted).

This Court will not recharacterize the instant § 2241 petition as a § 2254 petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). If petitioner elects to file a § 2254 petition, he must use the § 2254 proper form and file it as a new docket number.

## IV.     CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice as the relief petitioner seeks is properly raised in a § 2254 petition rather than the instant § 2241 petition. An appropriate order will be entered.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge

March 6, 2014